MR. JUSTICE KELLEY
delivered the opinion of the Court.
Paul J. Hernandez brought this original proceeding, pursuant to C.R.C.P. 106(a)(4), seeking a rule to show cause why he should not be afforded access to the Colorado State Penitentiary law library in order to prepare to represent himself at the several stages of the pending criminal proceedings against him. We issued the rule. The respondents answered, but failed to show cause. The rule is made absolute.
*26 The petitioner is an inmate at the Colorado State Penitentiary. After an incident at the penitentiary in which the petitioner allegedly was involved, a hearing was held on June 28, 1977, and the petitioner was informed of the new charges filed against him. At that hearing, Hernandez presented several motions. Among them were motions to proceed pro se and to be given access to the prison law library. Prior to the hearing, the petitioner had filed a motion to dismiss the indictment.
At the hearing, the respondent judge ordered the petitioner to file all his motions by July 8, 1977, and further ordered that all motions filed by that date would be heard on July 21. Over petitioner’s objection, the judge appointed counsel for him. The petitioner repeated his desire to proceed pro se. The respondent judge refused to hear or decide the petitioner’s motion for right of access to the law library before hearing the other motions.
The petitioner filed a motion in .this court for a writ of prohibition. We issued a rule to show cause “why the petitioner should not be afforded access to [the] prison law library for [an] opportunity to prepare to represent himself at the several stages of the pending proceeding.” The respondent judge did not address this question in hii response, C.A.R. 21(e). His response consisted of a chronology of the events, a copy of the transcript of the June 28 hearing, and copies of the petitioner’s motions.
Under the circumstances of this case, we hold that the petitioner is entitled to reasonable access to the prison law library to do research in order to prepare for preliminary proceedings in the charges lodged against him. See Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); Younger v. Gilmore, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971).
We now make the rule absolute.
MR. JUSTICE LEE does not participate.